UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE AMERICAN INSURANCE COMPANY
as subrogee of STEVEN ROSEN,

          Plaintiff,                  Case No. 12-10129
                                           HON. GERSHWIN A. DRAIN

vs.


DORNBRACHT AMERICAS, INC.,
J.A. CARNEY PLUMBING, INC.,
ALFRED TOBOCMAN CUSTOM
BUILDER, INC. and IRVING TOBOCMAN
ARCHITECT,

          Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE NOTICE OF NON-PARTY FAULT OF MICHIGAN TILE AND MARBLE [#56] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS [#57]**

## I.     INTRODUCTION

Presently before the court is Plaintiff's Motion to Strike Notice of Non-Party Fault of Michigan Tile and Marble and Motion to Compel Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production.  The Court has ordered resolution of these matters pursuant to E.D. Mich.  L.R. 7.1(f)(2).  For the reasons that follow Plaintiff's Motion to Strike Notice of Non-Party Fault of Michigan Tile and Marble is GRANTED and Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production

-1-

is GRANTED IN PART AND DENIED IN PART.

## II.    PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed this action on January 11, 2012.  Plaintiff's claims stem from damage to the real and personal property of Plaintiff's insureds, Steven and Evelyn Rosen.  The damage was caused by a failed faucet which released a torrent of water into the Rosen's home.  The present action is brought by Plaintiff as a subrogee since the Rosen's held a valid and enforceable insurance policy at the time of the damage.  Plaintiff brought suit against Defendant Dornbracht Americas, the company that manufactured the faucet, Defendant J.A. Carney Plumbing, the company that installed the faucet, Defendant Alfred Tobocman Custom Builder, the builder of the house, and Defendant Irving Tobocman Architect, the architect of the house.

### 1. Motion to Strike

On January 4, 2013, Defendant Dornbracht filed a Notice of Non-Party Fault of Michigan Tile & Marble ("Michigan Marble").  In the Notice, Defendant alleges that Michigan Marble may be partially or wholly responsible for the damage to the Rosen's house.  Defendant alleges that this information came to light in the Answers to Interrogatories provided by Defendant, Alfred Tobocman.  The Answers demonstrated that Michigan Marble installed the counter top for the powder room sink and also made an opening in the bottom of the sink to accommodate a new drain.  Defendant claims that the Notice is timely since this information was first discovered upon receiving the Answers on December 24, 2012.

Plaintiff filed a Motion to Strike on March 1, 2013.  In their Motion Plaintiff claims that Defendant did not comply with Michigan Court Rules 2.112(k), which requires a Notice of Non-Party Fault to be filed within 91 days of the filing party's first responsive pleading.  Plaintiff claims

-2-

that Defendant missed this deadline and did not request leave to file a Notice as is required by Rule 2.112(k). As such, Plaintiff requests that this Court strike Defendant's Notice of Non-Party Fault.

### 2. Motion to Compel

Also before this Court is Plaintiff's Motion to Compel filed on March 1, 2013. Plaintiff claims that Defendant Dornbacht was unresponsive to Plaintiff's First Set of Interrogatories and Requests for Production of Documents sent on October 9, 2012. Initially, Defendant objected to the Interrogatories on the basis that the subparts exceeded the limit of 25 written interrogatories in FRCP 33(a)(1), but filed an answer on January 3, 2013. Plaintiff contends this answer is insufficient because Defendant did not properly answer Interrogatories Nos. 8, 10, 11, and 18. Interrogatories Nos. 8, 10, and 11 request information related to the work Defendant performed on the project; Interrogatory No. 18 asks Defendant to identify any litigation they were involved in over the past 10 years.

Further, Plaintiff claims that Defendant's responses to Requests to Produce Nos. 10, 12, 18, 23, and 24 are deficient. Request to Produce No. 10 asks for pleadings filed against Defendant over the past 10 years; No. 12 requests documents supporting Defendant's assertion that it did not cause the loss; No. 18 asks for a privilege log (Plaintiff asserts Defendant should have one based on their objections to Requests to Produce Nos. 5, 21, 22, and 23); No. 23 asks for documents related to the faucet; and No. 24 asks for agreements between Defendant and Deutschland GmbH & Co. KG.

In a Response filed on March 13, 2013, Defendant claims it fully responded to Plaintiff's requests. Additionally, Defendant included as an exhibit its amended response to Interrogatory No. 18 and Requests to Produce Nos. 23 and 24. Defendant maintains that it has provided a sufficient answer to Interrogatories Nos. 8, 10, and 11 because it "did not manufacture, design, or assemble

the subject faucet." Def.'s Resp. 4. Defendant does not offer a response beyond its stated objections to Requests to Produce Nos. 10, 12, and 18.

In Reply, Plaintiff claims that Defendant's amended response to Interrogatory No. 18 is still deficient since Defendant did not detail the nature of the claims. Additionally, Plaintiff argues that Defendant's excuse that it is merely a sales representative is not responsive to the requests. Plaintiff does not raise further complaint to the responses provided to Requests for Production 23 and 24, so this Court will presume Plaintiff finds Defendant's amended responses sufficient.

## III.    LAW AND ANALYSIS

### 1. Motion to Strike

Under MCR 2.112(k), a Notice of Non-Party Fault must be filed within 91 days after the party files its first responsive pleading. MCR 2.112(k). The parties do not dispute that Defendant's Answer was filed on February 17, 2012 and the Notice of Non-Party Fault was filed on January 4, 2013. Thus, Defendant clearly filed the Notice outside of the prescribed 91 day period. Rule 2.112(k) allows a party to seek leave to file a Notice after the 91 day period if, "the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party." MCR 2.112(k). Defendant did not seek leave to file the Notice outside of the 91 day period.

Plaintiff contends that failure to comply with Rule 2.112(k) requires dismissal of Defendant's Notice. In response, Defendant raises two arguments: 1) that Rule 2.112(k) is not applicable since it is a procedural rule and diversity suits are governed by the Federal Rules of Civil Procedure, and 2) that the identity of Michigan Marble was not known until they received Defendant Alfred

-4-

Tobocman's Answers to Interrogatories on December 24, 2012.

Rule 2.112(k) was previously found to be substantive law in a federal diversity suit in the Western District of Michigan. *See Greenwich Ins. Co. v. Hogan*, 351 F.Supp.2d 736, 739 (W.D. Mich. 2004). The *Greenwich* court reasoned that MCR 2.112(k) is an integral part of Michigan's "fair share liability" scheme and treating it as a procedural rule would encourage forum shopping. *Id*. Not only is this reasoning persuasive, but it was previously endorsed by this Court. *See Bryant v. Ferrellgas, Inc.*, No. 07-10447, 2008 WL 4208254 (E.D. Mich. Sept. 12, 2008). As such, this Court adopts the reasoning provided by the Western District of Michigan and finds that MCR 2.112(k) is substantive.

Defendant's second argument is also unavailing. Defendant contends that they were not aware of the identity of Michigan Marble until receiving the December 24, 2012 Answers to Interrogatories. Plaintiff offers two reasons why Defendant should have known about Michigan Marble earlier: 1) Plaintiff included an invoice from Michigan Marble in its Rule 26 Disclosures on April 25, 2012, and 2) Mrs. Rosen indicated during her August 10, 2012 deposition that, "Michigan Marble created the faucet" and "they made the drain opening a little bigger than the piece . . . ." Pl.'s Mot. Ex. A, at 2. Defendant claims that since the issue in this case is faulty assembly/alteration of the faucet/and or supply lines, and Mrs. Rosen only discussed alteration of the bottom of the sink, the deposition did not provide notice of Michigan Marble's potential role in malfunctioning of the faucet.

The faulty faucet is the source of the damage to the house, thus any mention of another party performing work on the faucet should have put Defendant on notice to investigate the role of that party. Mrs. Rosen's deposition testimony clearly provides notice that Michigan Marble performed

work on the faucet. "Reasonable diligence" required investigating the role of Michigan Marble. Defendant's failure to exercise reasonable diligence warrants granting Plaintiff's requested relief. Thus, Defendant's Notice of Non-Party Fault is stricken.

### 2. Motion to Compel

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

The outstanding Interrogatories are Nos. 8, 10, 11, and 18. The only real defense raised by Defendant is that since it is a sales representative, it did not take part in the manufacturing process of the faucet. If that is the case, then that is a responsive answer to Interrogatories Nos. 8, 10, and 11. These questions all focus on the "work" that Defendant performed on the project. Defendant claims it did not perform any work, thus it has no additional relevant information to provide. In regards to Interrogatory No. 18, Plaintiff requested the nature of the claims against Defendant. Defendant has provided a list of the claims and this Court finds no reason why Defendant should refuse to provide the nature of the claims involved.

As previously mentioned, this Court presumes that Plaintiff is satisfied with Defendant's response to Requests to Produce Nos. 23 and 24, so the remaining Requests are Nos. 10, 12, and 18. Request No. 10 seeks all pleadings filed against Defendant in the past 10 years. Defendant objects that this request is vague and overbroad. This Court agrees. In response to Interrogatory No. 18, Plaintiff received a list of litigation that Defendant has been involved in over the past ten years. This

Court has already ordered Defendant to provide Plaintiff with the nature of these claims. This should provide sufficient detail for Plaintiff's failure to warn and product defect claims.

Plaintiff is entitled to the information sought by Request to Produce No. 12. Documents relating to Defendant's belief that it did not cause the loss are relevant to the inquiry. Defendant claims that it should not have to produce this information as the burden of proof is on Plaintiff. While that may be the case, that does not mean Defendant is not tasked with providing Plaintiff relevant information in accordance with Rule 26(b)(1) so that Plaintiff may meet that burden.

Finally, this Court also compels Defendant to produce the privilege log requested in Request to Produce No. 18. Defendant claims it does not have any privileged material and that is why it has refused to provide a privilege log. However, Plaintiff indicates that Defendant claimed privilege in response to Requests to Produce Nos. 5, 21, 22, and 23. Defendant does not dispute this in its Response. Therefore, Defendant must produce a privilege log that is responsive to Request to Produce No. 18.

In sum, this Court orders Defendant to provide responses to Interrogatory No. 18 and Requests to Produce Nos. 12 and 18. Plaintiff's request to compel responses to Interrogatories Nos. 8, 10, and 11 and Request to Produce No. 10 is denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Notice of Non-Party Fault of Michigan Tile and Marble [#56] is GRANTED. Defendant Dornbracht Americas, Inc.'s Notice of Non-Party Fault [#49] is STRICKEN.

Plaintiff's Motion to Compel Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production [#57] is GRANTED IN PART AND DENIED IN

PART.

     SO ORDERED.


Dated:  April 26, 2013

                              S/Gershwin A. Drain
                              GERSHWIN A. DRAIN
                              UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 26, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk