UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE AMERICAN INSURANCE COMPANY,
as subrogee of STEVEN ROSEN,

        Plaintiff,

vs.
        Case No.12-cv-10129
        HON. GERSHWIN A. DRAIN

DORNBRACHT AMERICAS, INC., *et al.*,

        Defendants.

_____/

ORDER GRANTING DEFENDANTS ALFRED TOBOCMAN CUSTOM BUILDER, INC.'S AND IRVING TOBOCMAN ARCHITECT'S MOTION FOR SUMMARY JUDGMENT [#25] AND CANCELLING JUNE 25, 2013 HEARING

I. INTRODUCTION

Presently before the Court is Defendants, Alfred Tobocman Custom Builder, Inc.'s ("Alfred Tobocman") and Irving Tobocman Architect's ("Irving Tobocman"), Motion for Summary Judgment, filed on April 19, 2013. Plaintiff failed to file a response in opposition to the present motion, and the time for filing a response expired on May 13, 2013. *See* E.D. Mich. L.R. 7.1(e)(1)(B); Fed. R. Civ. P. 6(a)(1). Accordingly, the Court grants Defendants' Motion for Summary Judgment. Defendants Alfred Tobocman and Irving Tobocman are hereby dismissed from this cause of action.

II. FACTUAL BACKGROUND

Plaintiff filed this action on January 11, 2012. Plaintiff's claims stem from damage to the real and personal property of Plaintiff's insureds, Steven and Evelyn Rosen. The damage was

caused by a failed faucet at the point of its connection to the water supply which released a torrent of water into the Rosen's home causing substantial damage. The faucet was manufactured by Aloys F. Dornbracht GmbH & Co. KG ("Dornbracht") and distributed by Defendant Dornbracht Americas, Inc. ("Dornbracht Americas"). Three Dornbracht faucets were selected for installation by the Rosens and Irving Tobocman. The faucet that caused the damage giving rise to this action was installed in the main floor powder room.

The present action is brought by Plaintiff as a subrogee since Steven and Evelyn Rosen held a valid and enforceable insurance policy at the time of the damage. Plaintiff paid $507,026.48 for the damage to the Rosen's home. Plaintiff brought suit against Defendant Dornbracht Americas, the company that supplied the faucet, Defendant J.A. Carney Plumbing ("J.A. Carney"), the company that installed the faucet, Alfred Tobocman, the builder of the house and construction manager, and Irving Tobocman, the architect of the remodeling project for the Rosens' home.

Plaintiff brings negligence claims against the Tobocman defendants regarding the selection and supplying of the faucet, the hiring and supervision of the plumbing contractor, and compliance with codes and regulations. Plaintiff also brings a claim for breach of contract against Alfred Tobocman.

### III. ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part

of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

B. Motion for Summary Judgment

Generally, a federal court sitting in diversity applies the substantive law of the forum state. *See City of Wyandotte v. Consolidated Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001). Therefore, Michigan tort law will apply in this case. Here, Counts IV and VI of Plaintiff's Second Amended Complaint allege claims of negligence against Alfred Tobocman and Irving Tobocman respectively. Specifically, Plaintiff alleges that Alfred and Irving Tobocman:

(a) Failed to properly select and/or supply a safe and appropriate faucet for the Rosen home;
(b) Failed to provide appropriate project management;
(c) Failed to provide appropriate oversight and supervision of the assembly and installation of the subject faucet;
(d) Failed to properly hire, train, supervise, and/or control its agents, servants, sub-agents, representatives, workmen, employees, and/or subcontractors in connection with the assembly and installation of the faucet;
(e) Failed to comply with the applicable codes, regulations, guidelines, policies and procedures, and industry customs and practice; and/or
(f) Otherwise failed to use due care under the circumstances.

*See* Sec. Am. Compl., ¶¶ 44, 54. Plaintiff also asserts a breach of contract claim against Alfred Tobocman based on the same theories as those supporting Plaintiff's negligence claim. *Id.* at ¶ V.

To establish a prima facie case of negligence, a plaintiff must prove: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached the duty; (3) that the defendant's breach of duty proximately caused the plaintiff's injuries; and, (4) that the plaintiff suffered damages. *See Case v. Consumers Power Co.*, 463 Mich. 1, 615 N.W.2d 17 (2000).

Here, J.A. Carney's representatives testified that there was no issue with the selection of the Dornbracht faucet, that Dornbracht faucets are perfectly appropriate for installation in a home like the Rosens' home, that J.A. Carney had installed Dornbracht faucets before and J.A. Carney would not seek direction or supervision from either Alfred Tobocman or Irving Tobocman concerning the

-4-

installation of the faucet. As indicated above, Plaintiff failed to file a response in opposition to the Defendants' pending motion, thus Plaintiff has failed to come forward with any evidence demonstrating a question of fact exist as to whether either of the Tobocman defendants breached a duty owed to Plaintiff. Further, neither Tobocman defendant can be held liable for purported negligent hiring or supervision of J.A. Carney under Michigan law. *See Candelaria v. BC Gen. Contrs.*, 252 Mich. App. 681, 686, 653 N.W.2d 630 (2002); *see also Reeves v. Kmart Corp.*, 229 Mich. App. 466, 475-76, 582 N.W.2d 466 (1998).

Additionally, Plaintiff's allegation that the Tobocman defendants failed to comply with industry codes and regulations is without merit as Defendants have presented evidence that the faucet and plumbing at issue herein passed multiple municipal inspections. *See* Defs.' Mot., Ex. E. Lastly, because Plaintiff has failed to demonstrate a genuine issue of material fact exists as to Alfred Tobocman's purported breach of contract, Alfred Tobocman is likewise entitled to judgment in his favor on this claim.

## IV. CONCLUSION

For the reasons stated above, Defendants' Alfred Tobocman Custom Builder, Inc.'s and Iriving Tobocman, Architect's Motion for Summary Judgment [#69] is GRANTED. Accordingly, Defendants Alfred Tobocman and Irving Tobocman, as well as Counts IV, V and VI are dismissed from this cause of action.

      SO ORDERED.

Dated: June 19, 2013              /s/Gershwin A Drain
                                                   GERSHWIN A. DRAIN

United States District Court Judge